J-A01037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ENNIO D. MAGNARELLI AND REGINA M. DOUGHERTY, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1902 EDA 2017 |
| VAUGHAN AND SAUTTER BUILDERS AND CHIP VAUGHAN | : | |
| | : | |

Appeal from the Order May 4, 2017
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2016-008299

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 06, 2018**

Ennio D. Magnarelli and Regina M. Dougherty (collectively "Homeowners") appeal from the order entered May 4, 2017, in the Delaware County Court of Common Pleas granting the motion for judgment on the pleadings, filed by Vaughan and Sautter Builders and Chip Vaughan (collectively "Defendants"), and dismissing with prejudice Homeowners' complaint seeking damages for, *inter alia*, breach of contract.  On appeal, Homeowners argue the trial court erred in concluding their cause of action was barred by the Statute of Repose.[1]  However, because Homeowners concede they sued the wrong defendants, we affirm the order on appeal.

---

* Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S. § 5536.

The facts and procedural history underlying this appeal are as follows: In September of 2016, Homeowners filed the present action, seeking damages for purported construction defects in their home, which was completed in July of 2004. After filing the complaint, Homeowners realized they named the incorrect defendants, and initiated a second action by *writ* of summons against ELV Associates, LP and Vaughan & Sons Builders, Inc., respectively, the builder and general contractor that signed the agreement of sale. Although Homeowners moved to consolidate the actions and file an amended complaint, the trial court denied the motion. In the interim, the Defendants filed an initial and supplemental motion for judgment on the pleadings, based upon the fact that (1) they were not parties to the agreement of sale, and (2) the action was time-barred by the Statute of Repose. On May 4, 2017, the trial court entered the order on appeal, stating, "the Complaint is dismissed with prejudice as to the named Defendants in that Plaintiff has failed to set forth a viable cause of action against them." Order, 5/4/2017. Homeowners filed an untimely motion for reconsideration/clarification, followed by this timely appeal.[2]

Our review of an order granting a motion for judgment on the pleadings is the same as the trial court: "[t]he grant is proper only 'when there are no disputed issues of fact and the moving party is entitled to judgment as a

---

[2] The trial court did not direct Homeowners to filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nevertheless, the court filed an opinion on August 16, 2017.

matter of law.'" ***Front St. Dev. Assocs., L.P. v. Conestoga Bank***, 161 A.3d 302, 307 (Pa. Super. 2017) (quotation omitted), *appeal denied*, 173 A.3d 253 (Pa. 2017).

Here, the trial court granted judgment on the pleadings for two reasons: (1) Homeowners identified the wrong parties as defendants, and, (2) in any event, the action is time-barred by the Statute of Repose.[3]  On appeal, Homeowners "concede that the incorrect entity was named in the suit, as [they] were not in possession of the Agreement of Sale at the time the Complaint was filed." Homeowners' Brief at 3 n.2.  Further, they acknowledge that they subsequently filed a separate action against the correct defendants – builder, ELV Associates, LP, and contractor, Vaughan & Sons Builders, Inc. ***See id.***  However, because the trial court did not clarify its basis for dismissing the complaint, Homeowners are seeking this Court's ruling on the limitations

_____

[3] The Statute of Repose requires an action based upon, *inter alia*, a deficiency in the "design, planning, supervision or observation of construction" of a property must be commenced within 12 years after completion of construction.  42 Pa.C.S. § 5536(a).  However, the statute provides the following exception to the 12 year limitations period:

> If an injury or wrongful death shall occur more than ten and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.

42 Pa.C.S. § 5536(b)(1).  Here, Homeowners concede construction of their home was completed in July of 2004, and they did not filed the present action until more than 12 years later, in September of 2016.  ***See*** Homeowners' Brief at 3.  However, they contend the Subsection (b)(1) exception applies to their claim.  ***See id.*** at 4-10.

issue because "they [do] not believe it would be prudent to proceed with their claims [in the second action] without clarification on the Statute of Repose issue." *Id.*

Homeowners are seeking an advisory opinion. Here, there is no dispute that Defendants were incorrectly named in this action, Homeowners have no cause of action against them, and they are entitled to judgment as a matter of law. *See* Trial Court Opinion, 8/16/2017, at 5 ("[Homeowners] have identified the wrong parties as defendants and therefore have not stated a cause of action against the named Defendants."). Accordingly, Homeowners implicitly acknowledge, and we agree, that the trial court properly granted judgment on the pleadings.

Nevertheless, Homeowners request we address the trial court's alternative basis for its ruling, namely that the action is barred by the Statute of Repose. We decline to do so. As this Court has made clear:

> "It is impermissible for courts to render purely advisory opinions. In other words, judgments or decrees to which no effect can be given will not, in most cases, be entered by this Court." *Rivera v. Pennsylvania Dept. of Corrections*, 837 A.2d 525, 527–528 (Pa. Super. 2003), *appeal denied*, 579 Pa. 704, 857 A.2d 680 (2004) (citations and quotation marks omitted).

*In re Petition to Compel Cooperation with Child Abuse Investigation*, 875 A.2d 365, 369 (Pa. Super. 2005). Because Homeowners admittedly have no cause of action against Defendants, any decision we render on the Statute of Repose issue in this action would have no effect. Homeowners' desire to

- 4 -

avoid possible duplicative litigation in a different lawsuit against different defendants is not an exception to the rule.[4]

Therefore, finding no error in the trial court's ruling granting the Defendants' motion for judgment on the pleadings, we affirm the order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18

---

[4] This Court has held that we may reach the merits of a moot claim "if the issues raised by an appeal are 'substantial questions' or 'questions of public importance,' and are capable of repetition, yet likely to evade appellate review[.]." **In re Petition to Compel Cooperation with Child Abuse Investigation**, **supra**, 875 A.2d at 370, *quoting* **In re Duran**, 769 A.2d 497, 502 (Pa. Super. 2001). Homeowners make no such argument in the present case.